**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**WILLIAM RICHARDSON,**

           **Plaintiff,**                    **CIVIL ACTION NO. 11-CV-14830**

      **vs.**

                                        **DISTRICT JUDGE VICTORIA A. ROBERTS**

**FEDERAL HOME LOAN              MAGISTRATE JUDGE MONA K. MAJZOUB**
**MORTGAGE CORPORATION,**
**CITIMORTGAGE, INC., and**
**ABN AMRO MORTGAGE GROUP, INC.,**

           **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION:**  This Court recommends that the Motion to Dismiss filed by

Defendants CitiMortgage, Inc. and Federal Home Loan Mortgage Corporation (docket no. 3) be

**GRANTED** and Plaintiff's complaint be dismissed.

**II.     REPORT**:

        Plaintiff William Richardson initiated this action against Federal Home Loan Mortgage

Corporation (FHLMC), CitiMortgage, Inc. (CMI), and ABN AMRO Mortgage Group, Inc. (ABN

AMRO) in the Wayne County Circuit Court on October 12, 2011, challenging the foreclosure of real

property located at 3238 Roosevelt in Dearborn, Michigan (Property).  Defendants removed the

complaint to this Court on November 2, 2011.  The complaint asserts claims of quiet title, unjust

enrichment, innocent/negligent misrepresentation, fraud based upon silent fraud and bad faith

promises, constructive trust, and deceptive act and/or an unfair practices.  Plaintiff alleges that

Defendants led him to believe that he could participate in a loan modification program, then

1

instituted foreclosure proceedings without his knowledge and purchased the Property in a foreclosure sale for $130,211.42 without allowing him to enter into a loan modification or exercise his redemption rights. (Docket no. 1, complaint at ¶¶ 10, 37, 40, 41). Alternatively, Plaintiff alleges that Defendants entered into a loan modification with him knowing they would proceed with the sheriff's sale. (Docket no. 1, ¶ 50). Plaintiff alleges that Defendants' actions were intentionally designed to keep him from learning that his home was being foreclosed upon. (Docket no. 1, complaint at ¶¶ 34, 40). He also alleges that the redemption period has not expired and claims that he will suffer irreparable harm if Defendants are allowed to proceed with an eviction. (Docket no. 1, complaint at ¶¶ 32, 62). He seeks monetary damages and asks the Court to grant him full legal title to the Property.

Presently before the Court is the Motion to Dismiss filed by Defendants FHLMC and CitiMortgage. (Docket no. 3). Plaintiff filed a response. (Docket no. 11). Defendants filed a reply. (Docket no. 12). All pretrial matters in this case have been referred to the undersigned for action. (Docket no. 12). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

A.     **Factual Background**

Documents attached to the complaint reveal that Plaintiff and his wife, Kathleen Tant, executed a promissory note and mortgage on August 12, 2003 in favor of ABN AMRO Mortgage Group, Inc. (ABN AMRO) as security for a mortgage loan they obtained from ABN AMRO in the amount of $135,000. (Docket no. 1; Docket no. 11, ex. A; Docket no. 3, ex. 1, 2). ABN AMRO subsequently merged into CitiMortgage on September 1, 2007. (Docket no. 3, ex. 3). Defendant claims that CitiMortgage serviced Plaintiff's mortgage loan, and documents attached to the

2

complaint indicate this to be true. (Docket no. 1, Plaintiff's check paid to the order of CitiMortgage). Plaintiff maintains that he stopped paying his mortgage sometime after April 2009 in the hope that he would have an easier time qualifying for a loan modification if he was delinquent on his mortgage. (Docket no. 11 at p.1). He claims that an unnamed telephone representative at CitiMortgage told him to stop paying his mortgage if he wanted "help." (Docket no. 11 at p. 1). Plaintiff claims that CitiMortgage contacted him shortly after he stopped making mortgage payments and informed him that his loan was delinquent and his mortgage was being foreclosed. (Docket no. 11).

Documents attached to the complaint show that notice of the Property's foreclosure was published for four consecutive weeks, beginning on May 6, 2010. (Docket no. 1, Affidavit of Publication). On May 8, 2010 notice of the Property's foreclosure was posted in a conspicuous place upon the Property itself. (Docket no. 1, Affidavit of Posting). The notice stated that a foreclosure sale would be held on June 3, 2010 on a $124,395.01 mortgage default. The notice also disclosed that the redemption period was six months from the date of sale. On August 31, 2010 an attorney representative for FHLMC executed an affidavit stating that Plaintiff was provided with written notice of the reason for default and the amount due and owing, contact information for the mortgage holder and servicer, a statement of Plaintiff's rights, and a list of housing counselors as required by Mich. Comp. Laws § 600.3205a(3). (Docket no. 1, Affidavit of MCL § 600.3205 Notice). The affidavit states that Plaintiff requested a meeting pursuant to Mich. Comp. Laws § 600.3205b, but that no agreement could be reached, Plaintiff was not eligible for a loan modification, and ninety days from the date of the notice had passed, clearing the way for a sheriff's sale.

A sheriff's sale of the Property took place on September 2, 2010, at which Defendant FHLMC was the highest bidder with a bid of $130,211.42. (Docket no. 1, Sheriff's Deed). On the same date, a sheriff's deed was executed in favor of Defendant FHLMC. The statutory period of redemption expired on March 2, 2011 without Plaintiff redeeming the Property. (Docket no. 1, Affidavit of Auctioneer). Thereafter, Defendant FHLMC instituted eviction proceedings in state court and obtained a judgment of possession on September 14, 2011. (Docket no. 1; Docket no. 3, ex. 6). Plaintiff filed a motion in state court to set aside the judgment of possession which was denied on October 7, 2011. (Docket no. 3, ex. 7). Subsequently, on October 12, 2011, more than seven months after the redemption period expired, Plaintiff filed the instant complaint.

**B.      Governing Law**

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6). When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id.* The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

4

Ordinarily, a motion under Rule 12(b)(6) is determined solely on the pleadings.  If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, a document attached to a pleading as an exhibit becomes part of the pleading and may be considered on a motion to dismiss.  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).  The court may also consider materials that are referenced in the pleadings and that are integral to the claims without converting the motion into one for summary judgment.  *Id.* at 335-36.

**C.    Analysis**

Defendants seek dismissal of Plaintiff's complaint arguing, inter alia, that Plaintiff has failed to state a viable claim for relief because the sheriff's sale was proper and Plaintiff lost standing to challenge the sale following the expiration of the redemption period.  Mich. Comp. Laws § 600.3236 provides that upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" of the mortgagor in the property.  Thus Plaintiff lost all legal title and interest to the Property when the redemption period expired.  However, equitable relief from the strict provisions of the redemption statute may be available in cases where there is clear evidence of fraud, accident, or mistake.  *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993); *Angeleri v. B & P Group, Inc.*, No. 260134, 2006 WL 2422582, at *1 (Mich. Ct. App. Aug. 22, 2006).  "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself."  *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001).  *See also Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

5

Defendants rely on *Overton v. Mortg. Elec. Reg. Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), in support of their argument that Plaintiff lacked standing to challenge the foreclosure because he no longer had any interest in the property once the redemption period expired. Courts have recently concluded that *Overton* is best viewed as a merits case, not a standing case. These courts have concluded that a plaintiff's complaint should not immediately be dismissed on the basis of standing where it was filed after the expiration of the statutory period of redemption, but rather the complaint should be considered on its merits to determine if the foreclosure proceeding was tainted by fraud, accident, or mistake. *See Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. March 28, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973 (E.D. Mich. July 11, 2011); *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069 (E.D. Mich. March 28, 2012); *Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-156, 2012 WL 1835243 (W.D. Mich. May 21, 2012). Plaintiff argues that these cases misapply the holding of *Overton*, and that a plaintiff does lose standing to challenge a foreclosure sale if he made no attempt to assert fraud or irregularity until after the redemption period expired. (Docket no. 3 at p. 6 n.5). Given the number of cases that have concluded otherwise, the undersigned recommends that the Court deny Defendants' request to dismiss Plaintiff's claims on the basis of standing.

To succeed on his claims Plaintiff must make a clear showing of fraud or irregularity in the foreclosure proceeding or sale itself. To state a claim for fraud, plaintiff must allege facts to show that: (1) defendant made a material false representation; (2) when the defendant made the representation, the defendant knew it was false, or defendant made the representation recklessly and without knowledge of its truth; (3) the defendant made the representation with the intention that

6

plaintiff would act on it; (4) plaintiff did act upon it; and (5) plaintiff suffered damages. *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001).

Plaintiff alleges in the complaint that he did not have knowledge of the foreclosure sale (docket no. 1, ¶ 10), that Defendants may have submitted affidavits in support of the foreclosure that are defective because they were signed by persons who did not have knowledge of the facts asserted in the affidavit (docket no. 1, ¶¶ 27, 28), that many affidavits may have been signed outside of the presence of a notary public (docket no. 1, ¶ 30), that Defendants did not allow Plaintiff his redemption rights (docket no. 1, ¶ 37), and that Defendants failed to provide Plaintiff with a ninety day notice as required by Mich. Comp. Law § 600.3204(4)(c). Plaintiff also argues that Defendants obtained title by misrepresenting that he could participate in a loan modification program even though they knew they would proceed with a foreclosure sale.

Plaintiff has not alleged sufficient facts to support a plausible claim of fraud or irregularity in the foreclosure proceeding or sale. Plaintiff admits both that he defaulted on his mortgage and that Defendant CitiMortgage contacted him and informed him that his mortgage was being foreclosed. In addition, documents attached to the complaint show that notice of the sale was published for four consecutive weeks, and notice was posted in a conspicuous spot on the Property in compliance with Mich. Comp. Laws § 600.3208. Despite Plaintiff's contention that he did not have knowledge of the foreclosure sale, documents attached to the complaint show otherwise. The undersigned recommends that the Court find that Defendants gave proper notice of the foreclosure. *See Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973, at *3 (E.D. Mich. July 11, 2011).

7

Besides informing Plaintiff of the date of the foreclosure sale, the notice identified the amount owed by Plaintiff and the length of the redemption period.  An affidavit attached to the complaint states that a representative for FHLMC informed Plaintiff of the reason for the default, the amount due and owing, contact information for the mortgage holder and servicer, a statement of Plaintiff's rights, and a list of housing counselors as required by Mich. Comp. Laws § 600.3205a. The affidavit states that Plaintiff did not qualify for a loan modification, and reports that the sheriff's sale occurred more than ninety days from the date of the notice.  Plaintiff does not claim that he attempted to redeem the Property.  Plaintiff's assertions that he was not allowed a right of redemption, that he was not provided with a ninety day notice, and his vague allegations that affidavits supporting the foreclosure *may* have been defective do not comport with the documents he attached to the complaint and are not sufficient to allege fraud or irregularity in the foreclosure proceeding or sale.

Next, Plaintiff argues that he was led to believe Defendants would allow him to participate in a loan modification program even though they knew they would proceed with foreclosure.  Even accepting this as true, the Court should find that this is not a sufficient irregularity in the foreclosure proceeding to set aside the foreclosure sale.  As previously discussed, Plaintiff's complaint indicates that he was notified that he was in default of his loan obligation and his mortgage was in foreclosure. He was also notified of the date of the sheriff's sale and the redemption period.  Documents attached to the complaint show that Plaintiff did not qualify for a loan modification.  Plaintiff does not allege that he attempted to redeem the Property.  Defendant FHLMC purchased the Property at the sheriff's sale with a fair bid, the redemption period expired without Plaintiff redeeming or even attempting to redeem the Property, and Defendant FHLMC obtained a valid judgment of possession.  The

8

redemption period expired a full seven months before Plaintiff filed the instant complaint. The Court should find that the Property was properly foreclosed and sold, the redemption period has expired, all rights in the Property have vested in Defendant FHLMC, and Plaintiff has not alleged facts with sufficient particularity to support a claim of fraud or irregularity necessary to set aside the foreclosure sale. Accordingly, Defendants' motion should be granted and Plaintiff's complaint dismissed. The undersigned recommends that Defendants' request for costs and attorney fees be denied.

**III.   NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate

9

to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 7, 2012            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon William Richardson and Counsel of Record on this date.

Dated: August 7, 2012            s/ Lisa C. Bartlett
                                 Case Manager

10